CASE 60—APPLICATION BY MARY A. COOK AND OTHERS TO ESTABLISH A PRIVATE PASSWAY—MAY 23.

# Freeman &c. v. Cook &c.

APPEAL FROM LEWIS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. REVERSED.

APPEAL FROM COUNTY COURT—ESTABLISHMENT OF PRIVATE PASSWAY —MANNER OF TAKING APPEAL.

Held:    The manner of taking an appeal from a judgment of the county court establishing a private passway is not governed by the provisions of the Civil Code, but by Kentucky Statutes, section 4303, providing that "the party aggrieved may prosecute an appeal within sixty days by executing bond as required in other cases to the circuit court of the county," and therefore the appellant need not produce a copy of the judgment and taxation of costs at the time he executes the bond, it being sufficient to file them after the expiration of the sixty days allowed for the execution of bond.

A. E. COLE & SON, ATTORNEYS FOR APPELLANT.

We take it that a substantial compliance with the Code of Practice in these cases is all the law demands, and when the appellants caused an appeal bond to be executed before the clerk of the Lewis circuit court within sixty days from the rendition of the judgment in the county court and which bond was good and accepted by the clerk who issued a super-

sedeas thereon, that this is all the appellants could do and all that the law required them to do.

We submit that the lower court erred in dismissing the appeal. Civil Code, sec. 134; Hicks v. Parks, 17 R., 37.

THOS. R. PHISTER AND R. D. WILSON, FOR APPELLEE.

The appellees instituted proceedings in the Lewis county court to condemn a private passway over the lands of appellants and final judgment was rendered in said court, November 24, 1899.

From this judgment appellants attempted to take an appeal to the Lewis circuit court, and on January 15, 1900, executed an appeal bond before the clerk of the circuit court, but wholly failed to produce to the clerk and file a certified copy of the judgment appealed from or a taxation of costs as required by sections 724 and 729 of the Civil Code. Nor was any copy of the judgment filed until the following May more than five months after the judgment was rendered.

The court on motion of appellees dismissed the appeal, the only step taken being the execution of an appeal bond.

We contend that while the giving of an appeal bond is *one* of the requirements of an appeal, yet the *first* requirement of the code is the filing of the certified copy of the judgment and amount of costs.

An appeal is given by the statute alone and this requirement can not be waived by the clerk and is absolutely necessary to complete the appeal.    Hicks v. Parks, 17 R., 37; Burchett v. Blackburn, 4 Bush, 553; Davis v. Davis, 10 Bush, 274; Brown v. Bennett, 102 Ky., 521; Combs v. Com., 16 R., 285; Dearing v. Wilcoxen, 21 R., 195; Sandy River Canal Co. v. Candell, 21 R., 1647; Civil Code, sec. 724-729.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

The appellees applied to the Lewis county court for the establishment of a private passway over the land of the appellants. A trial in the county court resulted in the establishment of the passway, and a verdict in favor of the appellants for $25. An appeal was prayed from that judgment, bond executed before the clerk of the circuit court, and a summons and *supersedeas* issued thereon within sixty days from the rendition of the judgment. On motion of the appellees in the circuit court the appeal was dismissed, and,

appellants' motion 'for a new trial having been overruled, they prosecute this appeal.

The appellees' contention is that the judgment of the circuit court should be affirmed. for the reason that the appeal was not properly taken to the circuit court, and cite sections 724 and 729 of the Civil Code. It is provided in section 724 that: "An appeal may be taken in the manner following: The party appealing shall produce to the clerk of the court to which the appeal is taken a certified copy of the judgment and the amount of costs and cause to be executed before him by one or more sufficient sureties, to be approved by him. a bond to the effect that the appellant will satisfy and perform the judgment that shall be rendered upon the appeal, whereupon the clerk shall issue an order to the judge, mayor or justice rendering the judgment to stay proceedings thereon and to transmit to the office of said clerk all the original papers in the case and the appellee shall be summoned actually or constructively, as provided in chapter 2, title 4, to appear and defend the appeal. The provisions of this section in regard to clerks apply to a judge who acts as clerk of his own court." Section 729 reads: "No appeal shall be taken pursuant to this article, except within sixty days from the rendering of the judgment." It will be seen that the sections, supra, appear under title 16, which refers to quarterly courts, police courts, mayors' courts, and courts of justices of the peace. Chapter 1 of said title regulates the mode of procedure in said courts, and chapter 2 regulates appeals from their judgments; the sections quoted being embraced in chapter 2. It appears in this action that at the time of the execution of the appeal bond in the circuit court the appellants did not produce a copy of the judgment appealed from. nor a taxation of the cost, and the same were not filed until after the expiration of sixty days

from the rendition of the judgment; hence it is earnestly argued for the appellees that no legal appeal had in fact been taken, and that the circuit court properly dismissed the same. The contention of appellants is that, inasmuch as the papers aforesaid were filed before the calling of the cause for trial, the appeal properly stood for trial on its merits and that the court erred in dismissing the appeal. It is provided in section 4303, c. 110, Kentucky Statutes, tit. "Roads and Passways," as follows: "No appeal shall lie to the court of appeals from the decision of the county court ordering a new road to be opened or refusing such order, or ordering an alteration in the road, or refusing the same, or discontinuing a road, or refusing such discontinuance, allowing gates to be erected across a road, or refusing to allow the same or to abolish such gates. But in all such cases the party aggrieved may prosecute an appeal within sixty days by executing bond as required in other cases to the circuit court of the county, and the appeal shall be tried *de novo*, and from the decision of the circuit court either party may prosecute an appeal to the court of appeals and the latter court shall have jurisdiction only of matters of law arising on the record of such cases." It is provided in section 4356, Kentucky Statutes, that the law regulating appeals in road cases shall apply to and govern proceedings in regard to passways. It will thus be seen that the proceedings in question are in the nature of special proceedings, and the statute allowing an appeal from the judgment of the county court to the circuit court does not require a copy of the judgment, nor a copy of the taxation of costs to be filed at the time of the execution of the bond, and we perceive no valid reason for construing the statute to mean that the appellant shall produce a copy of the judgment and taxation of costs at the time he executes the bond. But, on

the contrary, it would seem, if he executed such bond as required in other cases within sixty days, that he has a perfect appeal. It is worthy of note, too, that the statute in question makes no reference to the Code of Practice, but says "execute bond as required in other cases." The applicant in cases like this has to pay the cost in the county court in any event. It results from the foregoing that the court erred in sustaining appellees' motion to dismiss the appeal.

Judgment reversed, and cause remanded, with directions to overrule the motion to dismiss, and for further proceedings not inconsistent with this opinion.

Petition for rehearing by appellee overruled.