## Drennon v. Mitchell.

(Decided June 5, 1928.)

### Appeal from Caldwell Circuit Court.

Eminent Domain.—Where defendant, in action in county court to condemn private passway, on appeal to circuit court, erroneously proceeded in accordance with Civil Code of Practice, sec. 724, relating to appeals generally, rather than in accordance with Ky. Stats., secs. 3779a4, 3779a5, expressly providing for appeals to

circuit court in such cases, trial court improperly refused defendant's motion to perfect record.

R. W. LISANBY for appellant.

S. D. HODGE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In conformity with the provisions of section 3779a-1-5, Ky. Statutes, Mrs Cora Mitchell instituted an action in the Caldwell county court to condemn a private passway over lands owned by John W. Drenon. A trial in the county court resulted in the establishment of the passway upon the payment of $266 damages, and judgment to that effect was entered May 17, 1926. On the 15th of June following, the defendant, Drennon, filed a copy of this judgment in the office of the clerk of the circuit court and executed supersedeas bond. Thereupon the clerk issued the supersedeas and copy directing the judge of the county court to transmit to the office of the circuit clerk all of the original papers in the action. Summons and copy were also issued for plaintiff. The case was docketed in the circuit court, but continued generally from time to time until the October term, 1927, at which time the plaintiff moved the court to quash the return of the summons executed upon her and to dismiss the proceedings for the reason appellant had not filed a statement showing the names of the parties to the appeal and the transcript of the orders of the Caldwell county court, and because the clerk of the circuit court had not issued the certificate of appeal directing the clerk of the county court to transmit the original papers. Before a ruling on this motion defendant moved the court to require the county clerk to so transmit the original record. This was overruled. Thereupon the court sustained plaintiff's motion and dismissed the action. The defendant has excepted and appealed.

It is provided by section 3779a-4 that—

"Either party may appeal to the circuit court, by executing bond as required in other cases, within thirty days and the appeal shall be tried de novo, upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided."

And section 3779a5 is in these words:

"The appeal from the county court shall be taken by filing with the clerk of the court to which the appeal lies a statement of the parties to the appeal, and a transcript of the orders of the county court, and thereupon the said clerk shall certify to the clerk of the county court that said appeal has been filed, and the clerk of the county court shall immediately transfer the original papers to the clerk of the court to which the appeal is pending; and if the owner, on his appeal, shall fail in the circuit court to increase the amount of damages awarded in the county court, he shall pay all the costs of the appeal; if the damages are increased in the circuit court, the other party shall pay all costs of the appeal."

It will thus be seen that a special procedure is provided for appeals in this character of cases, and, instead of pursuing that remedy, appellant proceeded in accordance with the provisions of section 724 of the Civil Code relating to appeals generally in courts inferior to this court. The question raised is an interesting one, and, if it were one of first impression, would not be without difficulty; but under practically the same state of facts the subject was considered at length in the case of Big Sandy Ry. Co. v. Dils, etc., 120 Ky. 563, 87 S. W. 310, 27 Ky Law Rep. 952, in which under the same statute it was held, quoting from syllabus:

"Where a good appeal bond was filed and an imperfect transcript which contained an imperfect statement of the parties to the appeal, it was proper for the circuit court, under section 134 of the Civil Code, to allow the transcript to be amended so as to conform to the requirements of the statutes."

As indicating the policy of the law the same conclusion was reached in Freeman v. Cook, 113 Ky. 461, 68 S. W. 410, 24 Ky. Law Rep. 319, although a different statute was construed in that case, and it is therefore not authority on the question of construction. However, it is thought that the Dil's case is controlling and that the court should have permitted defendant to perfect the record.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.